By the Court. Mason, J.
The plaintiff in this cause claims to be the heir at law of Andrew Mather, late of the city of Hew York, deceased, and as such, seeks from the defendants an account of the rents and profits of certain real estate in this city, whereof Mather died seized.
The defendants have demurred to the bill for want of equity, and they deny his title as heir.
It appears by the bill, that Andrew Mather became seized of the premises in question in the year 1817, and died intestate as to this property, on the 23d' of December, 1826, without issue. That the plaintiff is a native of Scotland, and the son of Isabella Mather, deceased, who was the wife of James Redpath, and one of the sisters of Andrew Mather, and who always resided in Scotland. That the plaintiff came to this country in the month of August, 1830, and in 1837 took the necessary steps to become a citizen of the United States, and in 1840 was duly naturalized according to law.
He alleges that he is the only relative of Andrew Mather who ever became naturalized in the United States, and claims that by virtue of his naturalization, and of the act of the legislature of this state, entitled “ an act to enable resident aliens to hold and convey real estate,” passed April 10,1843, he is entitled as sole heir at law of Andrew Mather to the property in question, and an account of the rents and profits thereof.
The first section of that act declares that “ every naturalized citizen of the United States who may have purchased and taken a conveyance of any lands or real estate within this state, or to whom any such lands or real estate may have been devised, or to whoni they would home descended, yf he had heen a citizen at the time of the death of the person last seized, before he was qualified to hold them by existing laws, may continue to hold the same in like manner as if he had been a citizen at the time of such purchase, devise, or descent cast.’’ (Laws of 1843, ch. 87, §1.)
It may be observed with regard to this section, that it appears to provide only for the case of persons who were in the actual possession of the lands, at the time of the passage of the act. Such persons, sustaining in relation to the lands they thus hold, *81 either of the characters specified, may continue to hold. It may be a matter of doubt, whether the plaintiff, who did not arrive in this country until several years after the death of his uncle, and who has not to this day, as appears by his bill, been in the possession of the lands or in the receipt of the rents and profits thereof, comes within the terms of the act, or is entitled to claim the benefit of its provisions.
But waiving this objection, and admitting, that his case is provided for by the act so as to remove the disability of his alienage, still that is its only effect. He has the same rights and no other which he would have enjoyed if he had been a citizen at the time of the death of his ancestor; and the question presented is, whether if he had been a citizen at that time, he could have inherited the estate.
He claims, not by immediate descent from the ancestor, but through his mother, who was the next heir. Had she been living, and a citizen at the time of the death of her brother, she would have inherited. But she was an alien, and could not have taken, and the plaintiff claims through her. This question has been decided by the court of errors in the case of Jackson v. Fitzsimmons, 10 Wend. 9. It was there expressly held, that at common law a natural born or naturalized son of a brother of the intestate, which latter was an alien at the time of the intestate’s death, could not inherit as the heir at law of the latter, because he was obliged to claim by representation through the blood of his alien father; that the statute of William III. (1 Evans’ Statutes 228) recognised this rule of the common law and provided for future cases in England, yet that statute was not re-enacted in this state, and that the common law prevailed until the adoption of the revised statutes, when future cases were provided for. (1 Rev. St. 754, § 22.) This provision of the statute is prospective, and can have no application to cases which existed previous to its adoption. (Jackson v. Green, 7 Wend. 333.)
This objection being fatal to the plaintiff’s title, it is unnecessary to consider the other matters in the bill.
The demurrer must be allowed with costs.